UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTIAN CLAYTON and ROBERTO PARADA,

                Plaintiffs,

- against -

NEW YORK GALLERY LLC, GUOMUNDUR GUOMUNDSSON and GALERIE EMMANUEL PERROTIN LIMITED

                Defendants.

Docket No. _____

JURY TRIAL DEMANDED

---

## COMPLAINT

Plaintiffs Christian Clayton ("Clayton") and Roberto Parada ("Parada") (together "Plaintiffs") by and through their undersigned counsel, as and for their Complaint against Defendant New York Gallery LLC ("Gallery"), Guomundur Guomundsson ("Erro"), Galerie Emmanuel Perrotin Limited ("Perrotin") (together "Defendants") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendants unauthorized reproduction and public display of two copyrighted paintings. One owned and registered by Christian Clayton, a Los Angeles based painter and one owned and registered by Roberto Parada, an Arlington, Virginia based painter. Accordingly, Plaintiffs seek monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 et seq.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendants because Defendants resides in and/or are doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Clayton is a well known professional artist having a usual place of business at 1912 Alhambra Road, South Pasadena, California, 91030. Clayton's artwork has appeared in exhibits around the world including the Mark Moore Gallery in Los Angeles, California, the Apama Mackey Gallery in Houston, Texas, the F2 Gallery in Beijing, China, the Mackey Gallery during the Miami's famous International Art Fair, Art Basel, the Bunsen Goetz Galerie in Nuremberg, Germany and many others. Clayton's work has also been featured at the Armory Show, one of the largest international contemporary and modern art fairs in the United States, and the Royal Academy of Arts in London.

6. Roberto Parada is an internationally renowned professional illustrator having a usual place of business at 526 South Harrison Street, Arlington, Virginia, 22204. His work has appeared on the front cover and inside of magazines such as Time Magazine, Newsweek, ESPN Magazine, Entertainment Weekly, Esquire Magazine and others. Parada is know for his paintings of celebrities including Bill Gates, Barack Obama, Clint Eastwood, Jon Stewart, Hillary Clinton and more.

7. Upon information and belief, Gallery is a limited liability company duly organized and existing under the laws of the State of New York, with its principal place of

business at 909 Madison Avenue, New York, NY 10021. At all times material hereto, Gallery has owned and operated and continues to own and operate a New York based art gallery called Galerie Perrotin where they sell and display artwork. At all times material hereto, Gallery has owned and operated and continues to own and operate a website at the URL: www.Perrotin.com.

8. Guomundur Guomundsson, otherwise known and Erro, is a postmodern artist who displays and sells his artwork in galleries around the United States including New York.

9. Perrotin is a limited company with a placed of business at 909 Madison Avenue, New York, NY 10021. At all times material hereto, Perrotin has owned and operated and continues to own and operate a New York based art gallery called Galerie Perrotin where they sell and display artwork. At all times material hereto, Perrotin has owned and operated and continues to own and operate a website at the URL: www.Perrotin.com.

## STATEMENT OF FACTS

A. **Clayton's Painting**

10. In 2000, Clayton painted a painting called Sibling Rivalry. A true and correct copy of the painting is attached hereto as Exhibit A (hereinafter "SB").

11. On or about December 13, 2001, Clayton published SB in a book entitled *American Illustration 20*. Clayton's name appears in a gutter credit identifying him as the painter of SB. A copy of SB in the book is attached hereto as Exhibit B.

12. Clayton is the author of SB and has at all times been the sole owner of all right, title and interest in and to SB, including the copyrights thereto.

13. SB was registered with Copyright Office and was given Copyright Registration Number VA 2-003-357.

B. **Parada's Painting**

14. In 2000, Parada painted a painting called Snoop Dog. A true and correct copy of the painting is attached hereto as Exhibit C (hereinafter "SD").

15. On or about December 13, 2001, Parada published SD in a book entitled *American Illustration 20*. Parada's name appears in a watermark identifying him as the painter of SD. A copy of SD in the book is attached hereto as Exhibit D.

16. Parada is the author of SD and has at all times been the sole owner of all right, title and interest in and to SD, including the copyrights thereto.

17. SB was registered with Copyright Office and was given Copyright Registration Number VA 2-002-980.

**C.   Defendants' Infringing Activities**

18. **Erro-** Upon information and belief, in 2012, Erro directly copied SB and SD and placed them together creating a painting called *Dogman* ("Dogman"). A true and correct copy of Dogman is attached hereto as Exhibit E.

19. On the information and belief, Dogman was displayed for sale in art galleries around the world including Galerie Perrotin owned by Gallery located in New York City from March 1, 2016 through April 23, 2016.

20. Erro did not have permission from Plaintiffs to use SB and SD in Dogman nor was Erro authorized to reproduce, publically display, distribute, sell and/or use SB and SD.

21. **Gallery and Perrotin-** Upon information and belief, from March 1, 2016 through April 23, 2016 Gallery and Perrotin had an art exhibit called *Erro: Paintings from 1959 to 2016*. The exhibit displayed paintings from the artist Erro. Upon the information and belief, Gallery and Perrotin displayed Erro's paintings to sell to the public in which the Gallery and Perrotin received a financial gain. Upon information and belief, Gallery and Perrotin displayed the 91 x

151 cm painting of Dogman for sale. A true and correct copy of a photograph of Dogman in Gallery and Perrotin is attached hereto as Exhibit F. A true and correct copy of the brochure of the Erro art exhibit with Dogman in the brochure is attached hereto as Exhibit G.

22. Upon information and belief, the Gallery and Perrotin displayed Dogman on the Website to promote the Gallery and Perrotin and the Erro Art Exhibit. A true and correct copy of Dogman on the Website is attached hereto as Exhibit H.

23. Gallery and Perrotin did not have permission from Plaintiffs to public display, distribute, use and/or sell SB and SD in their Gallery or on the Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST ERRO, GALLERY, PERROTIN)**
**(17 U.S.C. §§ 106, 501)**

24. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-23 above.

25. Erro infringed Plaintiffs copyright in the SB and SD by reproducing and publicly displaying SB and SD in his painting Dogman. Erro is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use SB and SD.

26. Gallery and Perrotin infringed Plaintiffs copyright in SB and SD by publically displaying SB and SD in Dogman and offering Dogman for sale in their Gallery and Website.

27. The acts of Defendants complained of herein constitute infringement of Plaintiffs copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

28. Upon information and belief, the foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiffs rights.

29.   As a direct and proximate cause of the infringement by the Defendants of Plaintiffs copyrights and exclusive rights under copyright, Plaintiffs are entitled to damages and Defendants profits pursuant to 17 U.S.C. § 504(b) for the infringement.

30.   Defendants conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiffs irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiffs has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST ERRO
## (17 U.S.C. § 1202)

31.   Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-30 above.

32.   When SB and SD were published in the book *American Illustration 20*, it contained copyright management information protected under 17 U.S.C. § 1202(b).

33.   Erro intentionally and knowingly removed copyright management information identifying Plaintiffs as the painters of the SB and SD.

34.   The conduct of Erro violates 17 U.S.C. § 1202(b).

35.   Erro's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiffs.

36.   The falsification, alteration and/or removal of said copyright management information was made by Erro intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiffs copyrights in the Paintings. Erro also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiffs copyrights in the SB and SD.

37.   As a result of the wrongful conduct of Erro as alleged herein, Plaintiff is entitled to recover from Erro the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Erro because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

38.   Alternatively, Plaintiff may elect to recover from Erro statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests judgment as follows:

1. That Defendants be adjudged to have infringed upon Plaintiff's copyrights in SB and SD in violation of 17 U.S.C §§ 106 and 501;

2. That Erro be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiffs be awarded Plaintiffs actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendants infringement of SB and SD.

4. That, with regard to the Second Claim for Relief, Plaintiffs be awarded either: a) Plaintiffs actual damages and Erro's profits, gains or advantages of any kind attributable to Erro's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Erro pursuant to 17 U.S.C. § 1203(c);

5. That Defendants be required to account for all profits, income, receipts, or other benefits derived by Defendants as a result of its unlawful conduct;

6. That Plaintiff be awarded pre-judgment interest; and

7. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
May 24, 2016

LIEBOWITZ LAW FIRM, PLLC
By: *Richard Liebowitz*
Richard P. Liebowitz
11 Sunrise Plaza, Suite 301
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiffs Christian Clayton and Roberto Parada*